## No. 5780.

STATE EX REL. CARONDELET CANAL AND NAVIGATION COMPANY VS. JAMES G. BROWN, ADMINISTRATOR OF PUBLIC ACCOUNTS. THE MISSISSIPPI AND MEXICAN GULF CANAL COMPANY MADE PARTY.

The relator applied to the proper officer of the city of New Orleans to record his judgment, in compliance with an act of the Legislature passed in 1870, requiring that all judgments against the city be recorded in the proper department of the city government. On the refusal of that officer to do so, relator asked for a mandamus against him. Whereupon said officer answered that relator's judgment should not be recorded as affecting the city's entire property, but only the taxes which might be collected for account of the Mississippi and Mexican Gulf Ship Canal Company, and took a rule in this mandamus proceeding on that company to show cause why relator should not be paid from the drainage funds.

The company excepted to the rule. The court *a qua* erred in not maintaining the exception and in ordering that the judgment be paid from the drainage funds. A third party can not be brought in to answer a call made upon an officer to perform a mere ministerial duty.

The decree ordering that relator's judgment be recorded was correct. But there it should have stopped. Out of what funds the judgment was to be paid, it was not the province of the district judge to inquire, as he did, in the proceeding which was before him.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J. H. D. Ogden,* for relator and appellee. *Samuel P. Blanc,* Assistant City Attorney. for respondent and appellee. *Lacey & Butler,* for the Mississippi and Mexican Gulf Canal Company, appellant.

MORGAN, J. In June, 1871, plaintiff obtained judgment against the city for $12,500, with five per cent interest per annum from the twenty-second of February, 1864, till paid. On appeal this judgment was affirmed.

In 1870,. extra session acts, p. —, the Legislature passed an act by which it was required that all judgments against the city should be recorded in the proper department of the city government.

The relator applied to the proper officer of the city to record his judgment. This he refused to do. Relator asked for a mandamus to compel him to perform his duty. Thereupon he answered the relator's demand, saying that the judgment should not be recorded as affecting the city's entire property, but that it should only affect the taxes which might be collected for account of the Mississippi and Mexican Gulf Ship Canal

Company, and he took a rule in this mandamus proceeding against that company to show cause why the relator should not be paid from the drainage funds.

The company excepted to the proceeding. The exception was dismissed, and judgment was rendered in favor of the relator, and it was decreed that the judgment should be paid from the drainage-tax fund.

The exception should have been maintained. We do not understand that a third party can be brought in to answer a call made upon an officer to perform a mere ministerial duty.

The decree ordering that judgment should be recorded was correct. But there we think it should have stopped. Out of what fund the judgment is to be paid, it was not in our opinion the province of the district judge to inquire in the proceeding which was before him.

It is therefore ordered, adjudged, and decreed that the judgment of the district court, in so far as it orders the Administrator of Public Accounts to record the judgment referred to by the relator, be affirmed, and that as regards the fund out of which said judgment is to be paid, it be reversed, and that the rule taken by the defendant against the Mississippi and Mexican Gulf Ship Canal Company be dismissed, appellee to pay costs.